Samuel R. Randall (No. 024517)
**RANDALL LAW PLLC**
4742 North 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone:   602.328.0262
Facsimile:   602.926.1479
Email:   srandall@randallslaw.com

Michael A. Josephson (*pro hac vice forthcoming*)
Andrew W. Dunlap (*pro hac vice forthcoming*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone:   713.352.1100
Facsimile:   713.352.3300
Emails:   mjosephson@mybackwages.com
          adunlap@mybackwages.com

[Additional counsel appear on signature page]

 **ATTORNEYS FOR PLAINTIFF
& PUTATIVE CLASS MEMBERS**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | |
|---|---|
| Arthur Cook, Jr., Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SWCA, Incorporated d/b/a SWCA Environmental Consultants, an Arizona for-profit corporation<br><br>Defendant. | **Case No.** _____<br><br>**FLSA COLLECTIVE ACTION COMPLAINT FOR DAMAGES**<br><br>**Failure to Pay Overtime Wages (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**<br><br>**(Jury Trial Demanded)** |

# ORIGINAL COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. Arthur Cook, Jr. (Cook) brings this lawsuit to recover unpaid overtime wages and other damages from SWCA, Incorporated d/b/a SWCA Environmental Consultants (SWCA) under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.

2. Cook worked for SWCA as an Environmental Inspector.

3. Cook and the Day Rate Inspectors (as defined below) regularly worked for SWCA in excess of forty (40) hours each week.

4. But SWCA never paid Cook and the Day Rate Inspectors overtime.

5. Instead of paying overtime as required by the FLSA, SWCA improperly paid Cook and the Day Rate Inspectors a flat amount for each day worked (a "day rate") without overtime compensation.

6. In 2022. SWCA began attempting to disguise its illegal day rate pay scheme as an hourly pay plan.

7. SWCA never paid Cook or the Day Rate Inspectors on a "salary basis."

8. This collective action seeks to recover the unpaid overtime wages and other damages owed to Cook and the Day Rate Inspectors.

## JURISDICTION & VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA, 29 U.S.C. § 216(b).

10. This Court has general personal jurisdiction over SWCA because SWCA is a domestic corporation that maintains its headquarters in Phoenix, Arizona.

11. Venue is proper because SWCA maintains its headquarters in Phoenix, Arizona, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

**PARTIES**

12. Cook worked for SWCA as an Environmental Inspector from approximately September 2019 until March 2022 and again from approximately May 2022 until December 2022.

13. Throughout his employment, SWCA paid Cook a flat rate for each day worked regardless of the total hours worked in a day or week with no overtime ("day rate pay scheme").

14. In approximately 2022, SWCA began attempting to disguise its illegal day rate pay scheme as an hourly pay plan.

15. Cook's written consent is attached as Exhibit 1.

16. Cook brings this action on behalf of himself and all other similarly situated SWCA Inspectors who were paid under SWCA's day rate pay scheme (disguised or otherwise).

17. SWCA paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

18. Since 2022, SWCA began attempting to disguise its illegal day rate pay scheme as an hourly (specifically, straight time for overtime) pay plan.

19. The FLSA Collective of similarly situated employees is defined as follows:

> **All Inspectors, who worked for, or on behalf of, SWCA who were paid a day rate[1] with no overtime at any time during the past 3 years through the present ("Day Rate Inspectors" or "Putative Collective").**

20. The Day Rate Inspectors can be readily ascertained from SWCA's business and personnel records.

21. SWCA is an Arizona corporation that maintains its headquarters in Phoenix, Arizona.

22. SWCA may be served with process by serving its registered agent: CT Corporation System, 3800 North Central Avenue, Suite 460, Phoenix, Arizona 85012.

## COVERAGE UNDER THE FLSA

23. At all relevant times, SWCA was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. At all relevant times, SWCA was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25. At all relevant times, SWCA has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

26. At all relevant times, SWCA has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, equipment, hardhats, cell phones/devices, personal protection equipment, etc.) that have been moved in or produced for commerce.

---

[1] The Putative Collective expressly includes any SWCA Inspectors who were paid under SWCA's disguised day rate pay scheme.

- 4 -

27. In each of the past 3 years, SWCA has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

28. At all relevant times, Cook and the Day Rate Inspectors were engaged in commerce or in the production of goods for commerce.

29. SWCA uniformly applied its policy of paying its employees, including Cook and the Day Rate Inspectors, a day rate with no overtime compensation, disguised or otherwise.

30. SWCA applied this policy regardless of any alleged individualized factors such as precise job position, job duties/responsibilities, client assignments, inspector type, or geographic location.

31. By paying Cook and the Day Rate Inspectors a day rate with no overtime compensation, SWCA violated (and continues to violate) the FLSA's requirement to pay employees at rates not less than 1.5 times their regular rates of pay for hours worked in excess of 40 hours in a workweek.

32. SWCA's uniform compensation scheme of paying its Cook and the Day Rate Inspectors on a day rate basis with no overtime compensation for weeks in which these workers work over 40 hours is a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

**THE FACTS**

33. SWCA "offers comprehensive environmental planning, regulatory compliance, and natural and cultural resources management services."[2]

---

[2] https://www.swca.com/who-we-are (last visited April 19, 2023).

34. To complete its business objectives, SWCA hires inspectors (including Cook and the Day Rate Inspectors) to work on oil and gas and construction projects for its clients.

35. Many of these individuals worked for SWCA on a day rate basis (without overtime pay).

36. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

37. For example, Cook worked for SWCA as an Environmental Inspector from approximately September 2019 until March 2022 and again from approximately May 2022 until December 2022.

38. As an Environmental Inspector, Cook's primary job duties included observing the work of contractors to ensure they complied with the clients' safety policies, procedures, plans, and specifications, as well as all applicable environmental codes and regulations, and completing reports on the same.

39. Throughout his employment, SWCA paid Cook a flat rate for each day worked regardless of the total hours worked in a day or week with no overtime ("day rate pay scheme").

40. Specifically, pre-2022, SWCA paid Cook a day rate of $380 for each day he actually worked, regardless of the number of hours he worked that day (or in that workweek) and failed to pay him overtime compensation.

41. In approximately 2022, SWCA began attempting to disguise its illegal day rate pay scheme as an hourly pay plan.

42. For example, in 2022, regardless of the actual number of hours Cook worked in a day or week, SWCA only paid him $41 for 10 hours per day (or $410 per day):



43. Indeed, SWCA admits it paid Cook on a day rate basis in its own records:

44. Cook and the Day Rate Inspectors work for SWCA under its day rate pay scheme.

45. SWCA paid Cook and the Day Rate Inspectors a flat sum for each day worked, regardless of the number of hours they worked that day (or in that workweek) and failed to pay them overtime when they worked in excess of 40 hours in a workweek.

46. SWCA only pays Cook and the Day Rate Inspectors their set day rate for the actual days they worked.

47. If Cook and the Day Rate Inspectors did not work, they did not get paid.

48. Thus, Cook and the Day Rate Inspectors are not employed on a "salary basis." *See Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. ---, 143 S.Ct. 677, 685 (2023) ("Daily-rate

workers, of whatever income level, are paid on a salary basis only through the test set out in § 604(b)"); *see also* 29 C.F.R. § 541.604.

49. SWCA paid Cook and the Day Rate Inspectors on a day rate basis (without overtime).

50. Cook and the Day Rate Inspectors' day rates do not increase when they work more than 40 hours in a week.

51. Cook and the Day Rate Inspectors do not receive overtime pay when they work more than 40 hours in a week.

52. This is despite the fact Cook and the Day Rate Inspectors regularly work overtime.

53. Cook and the Day Rate Inspectors work in accordance with the schedule set and controlled by SWCA and/or its clients.

54. For example, throughout his employment, Cook typically worked 10+ hours a day, for up to 7 days a week.

55. Thus, Cook typically worked 70+ hours a week, well in excess of the 40-hour threshold for premium overtime compensation.

56. Cook's work schedule is typical of the Day Rate Inspectors.

57. Although Cook and the Day Rate Inspectors typically work 10+ hours a day, for up to 7 days a week, SWCA does not pay these employees overtime compensation for the hours they work in excess of 40 hours in a workweek.

58. Cook and the Day Rate Inspectors received their day rate regardless of the number of hours they worked in a day or week, even when they worked more than 40 hours in a workweek.

59. SWCA knows Cook and the Day Rate Inspectors work in excess of 40 hours each workweek.

60. Indeed, SWCA's records reflect the fact Cook and the Day Rate Inspectors regularly work far in excess of 40 hours in certain workweeks.

61. But SWCA does not pay Cook or the Day Rate Inspectors overtime compensation for the hours these employees work in excess of 40 hours.

62. Instead, SWCA pays Cook and the Day Rate Inspectors on a day rate basis.

63. All of the Day Rate Inspectors perform similar job duties, work similar hours, perform similar job duties, and are denied overtime as a result of the same illegal pay practice (SWCA's day rate pay scheme).

64. All of SWCA's Day Rate Inspectors work in excess of 40 hours each week and often work 70+ hours in a workweek.

65. SWCA uniformly denies Cook and the Day Rate Inspectors overtime wages for the hours they work in excess of 40 hours in a workweek.

66. SWCA's policy of paying Cook and the Day Rate Inspectors a day rate with no overtime compensation violates the FLSA because it deprives Cook and the Day Rate Inspectors of premium overtime wages for the hours these employees work in excess of 40 hours in a workweek.

67. SWCA is aware, or should have been aware, that it was subject to the FLSA, including its overtime requirements.

68. SWCA is aware, or should have been aware, that the FLSA required it to pay Cook and the Day Rate Inspectors overtime at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

69. SWCA is aware, or should have been aware, that Cook and the Day Rate Inspectors were non-exempt from the FLSA's overtime provisions and, therefore, entitled to overtime pay.

70. SWCA is aware, or should have been aware, that Cook and the Day Rate Inspectors regularly worked more than 40 hours in a workweek because it expected and required these workers to do so.

71. SWCA knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA.

72. Nonetheless, SWCA did not pay Cook and the Day Rate Inspectors overtime at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek in violation of the FLSA.

73. SWCA knowingly, willfully, or in reckless disregard carried out this illegal day rate pay scheme that deprived Cook and the Day Rate Inspectors of premium overtime compensation in violation of the FLSA.

74. SWCA's failure to pay Cook and the Day Rate Inspectors overtime compensation was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

## COLLECTIVE ACTION ALLEGATIONS

75. Cook realleges and incorporates all other paragraphs by reference.

76. Cook brings his FLSA claim as a collective action under § 216(b) of the FLSA.

77. Numerous individuals were victimized by SWCA's pattern, practice, and policy of paying its Inspectors, including Cook and the Day Rate Inspectors, a day rate with no overtime for hours worked in excess of 40 hours in a workweek, which is in willful violation of the FLSA.

78. Numerous other Day Rate Inspectors worked with Cook and indicated they were paid in the same manner (a day rate with no overtime) and performed similar work.

79. Based on his experience and tenure with SWCA, Cook is aware that the illegal practices SWCA imposed on him were likewise imposed on the Day Rate Inspectors.

80. The Day Rate Inspectors are similarly situated in all relevant respects.

81. SWCA's failure to pay Cook and the Day Rate Inspectors overtime wages at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Day Rate Inspectors.

82. The specific job titles or precise job locations of the Day Rate Inspectors do not prevent collective treatment.

83. Cook has no interest contrary to, or in conflict with, the Day Rate Inspectors.

84. Like each Day Rate Inspector, Cook has an interest in obtaining the unpaid overtime wages owed to them under federal law.

85. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

86. Absent this collective action, many Day Rate Inspectors likely will not obtain redress of their injuries, and SWCA will reap the unjust benefits of violating the FLSA.

87. Even if some of the Day Rate Inspectors could afford individual litigation against SWCA, it would be unduly burdensome to the judicial system.

88. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

89. The questions of law and fact that are common to Cook and each Day Rate Inspector predominate over any questions affecting solely the individual members.

90. Among the common questions of law and fact are:

   a. Whether SWCA's illegal pay practices were applied uniformly across the nation to all Day Rate Inspectors;

   b. Whether Cook and the Day Rate Inspectors were exempt from overtime;

   c. Whether SWCA's day rate pay scheme satisfies the salary basis test;

   d. Whether SWCA's decision to not pay Cook and the Day Rate Inspectors overtime was made in good faith; and

   e. Whether SWCA's violations of the FLSA were willful.

91. Cook's claims are typical of the claims of the Day Rate Inspectors.

92. Cook and the Day Rate Inspectors sustained damages arising out of SWCA's illegal and uniform employment policies and practices.

93. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

94. Therefore, the issue of damages does not preclude collective treatment.

95. SWCA is liable under the FLSA for failing to pay overtime to Cook and the Day Rate Inspectors.

96. Consistent with SWCA's illegal pay policy, Cook and the Day Rate Inspectors were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

97. As part of its regular business practices, SWCA intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Cook and the Day Rate Inspectors.

98. SWCA's illegal pay and classification policies deprived Cook and the Day Rate Inspectors of the premium overtime wages they are owed under federal law.

99. SWCA is aware, or should have been aware, that FLSA required it to pay Cook and the Day Rate Inspectors overtime at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of 40 hours in a workweek.

100. There are many similarly situated Day Rate Inspectors who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

101. Notice of this lawsuit should be sent to the Day Rate Inspectors pursuant to 29 U.S.C. § 216(b).

102. Those similarly situated workers (the Day Rate Inspectors) are known to SWCA, are readily identifiable, and can be located through SWCA's business and personnel records.

**CAUSE OF ACTION**
**VIOLATIONS OF THE FLSA**

103. Cook realleges and incorporates all other paragraphs by reference.

104. Cook brings his FLSA claims as a collective action under 29 U.S.C. § 216(b).

105. As set forth herein, SWCA violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing non-exempt employees (Cook and the Day Rate Inspectors) in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates not less than 1.5 times the regular rates for which they were employed.

106. SWCA knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Cook and the Day Rate Inspectors overtime compensation.

107. SWCA's failure to pay overtime compensation to Cook and the Day Rate Inspectors was neither reasonable, nor was the decision not to pay overtime made in good faith.

108. Accordingly, Cook and the Day Rate Inspectors are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, as well as attorneys' fees and costs.

**JURY DEMAND**

109. Cook demands a trial by jury.

**RELIEF SOUGHT**

WHEREFORE, Cook, individually and on behalf of the Day Rate Inspectors, seeks the following relief:

    a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Day Rate Inspectors allowing them to join this action by filing a written notice of consent;

    b. An Order finding SWCA liable to Cook and the Day Rate Inspectors for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

    c. A Judgment against SWCA awarding Cook and the Day Rate Inspectors all their unpaid overtime compensation, as well as an equal amount as liquidated damages;

    d. An Order awarding attorneys' fees, costs, and expenses;

    e. Pre- and post-judgment interest at the highest applicable rates; and

    f. Such other and further relief as may be necessary and appropriate.

///
///
///
///
///
///
///

| | |
|---|---|
| Dated: April 19, 2023. | Respectfully submitted, |
| | By: */s/ Samuel R. Randall*<br>Samuel R. Randall (No. 024517)<br>**RANDALL LAW PLLC**<br>4742 North 24th Street, Suite 300<br>Phoenix, Arizona 85016<br>602-328-0262 – Telephone<br>602-926-1479 – Facsimile<br>srandall@randallslaw.com |
| | Michael A. Josephson*<br>Andrew W. Dunlap*<br>**JOSEPHSON DUNLAP LLP**<br>11 Greenway Plaza, Suite 3050<br>Houston, Texas 77046<br>713-352-1100 – Telephone<br>713-352-3300 – Facsimile<br>mjosephson@mybackwages.com<br>adunlap@mybackwages.com |
| | Richard J. (Rex) Burch*<br>**BRUCKNER BURCH PLLC**<br>11 Greenway Plaza, Suite 3025<br>Houston, Texas 77046<br>713-877-8788 – Telephone<br>rburch@brucknerburch.com |
| | William C. (Clif) Alexander*<br>Austin W. Anderson*<br>**ANDERSON ALEXANDER PLLC**<br>101 N. Shoreline Blvd., Suite 610<br>Corpus Christi, Texas 78401<br>361-452-1279 – Telephone<br>361-452-1284 – Facsimile<br>clif@a2xlaw.com<br>austin@a2xlaw.com |
| | *Pro hac vice applications forthcoming* |
| | **ATTORNEYS FOR PLAINTIFF & THE PUTATIVE CLASS MEMBERS** |